UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIAISHAI ROLAND,
o.b.o. M.B., a Minor,[1]

    Plaintiff,                    Civil Action No. 2:19-cv-10753
v.                               Honorable Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation. **[ECF No. 19]** Timely objections and a response to the objections were filed. **[ECF Nos. 22 and 23]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded

---

[1] In the Complaint and on the docket, Plaintiff is identified as "Kiaishai Roland, o.b.o. M.B., a Minor." ECF No. 1. In all of the briefing by the parties and in the Report and Recommendation, Plaintiff is identified as "Kiaishai Roland Williams, o.b.o. L.M.B." *See* ECF Nos. 16, 18, 19, 22, 23.  As the Complaint has not been amended, the Court's caption is the same as the caption in the Complaint.

1

lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. In her "Objections," Plaintiff objects to the: (1) Magistrate Judge's conclusion that "the ALJ did not err when deciding that plaintiff did not meet and/or at least equal Listed Impairment §111.02" (citing ECF No. 19, PgID 454); and (2) "Magistrate Judge err[ing] by providing post hoc rationale for the ALJ citing requirements for Listed Impairment §111.02, that no longer apply." (citing ECF No. 19, PgID 457). The Court is not persuaded by Plaintiff's arguments.

First, a party cannot succeed by relying on and regurgitating the arguments set forth in her summary judgment brief. *See, e.g., O'Connell v. Comm'r of Soc. Sec.*, 2016 WL 537771, at *1 (E.D. Mich. Feb. 11, 2016) (citing *Betancourt v. Ace*

*Ins. Co. of Puerto Rico*, 313 F.Supp.2d 32, 34 (D.P.R. 2004)).  Simply restating arguments constitutes a waiver of a party's objections. *Allen v. Comm'r of Soc. Sec.*, No. 14-cv-11644, 2015 WL 4617445, at *1 (E.D. Mich. July 31, 2015) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)) ("An objection 'that merely restates the arguments before a magistrate judge renders those arguments waived."); *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-91 (6th Cir. 2006) (court will not consider arguments that are not raised or adequately developed); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("issues adverted to in a perfunctory manner . . . are deemed waived.").

The Court finds that Plaintiff's "Objections" to the Report and Recommendation generally reiterate the two issues and the supporting arguments set forth in her motion for summary judgment.  Compare ECF No. 16, PgID 389-99, 400-01, 402, and 404-08 with ECF 22, PgID 473-83, 483-85, 488, and 488-94, respectively.  And, it is not enough that the Magistrate Judge's error was the same as the ALJ's error that Plaintiff cited in her motion for summary judgment. *See e.g,* ECF 22, PgID 485-86 (emphasis added) (By adhering so strictly to the number per week of these dyscognitive seizures, **the Magistrate Judge, as the ALJ herein**, did not consider the combination of L.M.B.'s medical condition, which not only included seizures, but the earlier-discussed mental health issues as described in the

3

psychological evaluation by Firoza Van Horn, Psy.D. . . . The ALJ lacked substantial evidence for his conclusion in this regard, with the Magistrate Judge also erring in agreeing with that conclusion.)

Second, Plaintiff asks the Court to reweigh the evidence to determine whether L.M.B. had a disability. *See* Dkt. No. 22, PgID 483 (emphasis in original) ("The Magistrate Judge held that substantial evidence supports the ALJ's finding that plaintiff's impairments do not meet or medically equal Listing §111.02. Plaintiff disagrees with the Magistrate Judge's opinion, and avers that her condition does meet and/or at least equal **Listed Impairment §111.02, epilepsy**, . . ."). Such an argument is not appropriate or sufficient. *See Haun v. Comm'r of Soc. Sec.*, 107 F. App'x 462, 465 (6th Cir. 2004) ("We may not reweigh conflicting evidence on appeal, but instead must affirm [the ALJ's] decision because substantial evidence supports it.").

Third, as to Plaintiff's first objection that she met and/or at least equaled Listed Impairment §111.02, the Court does not agree that the ALJ incorrectly added a new requirement to Listing 111.02. As set forth in the ALJ decision, the ALJ found that Plaintiff's impairments did not meet Listing 111.02 "because the medical evidence of record does not demonstrate epilepsy characterized by [paragraphs] A or B." ECF No. 12, PgID 51. The ALJ also correctly cited the

appropriate criteria for that listing, *id.* at 51-52 (*see* 20 C.F.R. pt. 404, subpt. P, app. 1 § 111.02(A)-(B)), and did not link disorganized motor functioning to the requirements of Listing 112.02.

Fourth, Plaintiff's second objection that the Magistrate Judge did not consider the combination of Plaintiff's epilepsy, along with her mental impairment, when assessing Plaintiff's functioning, is not supported by the record. Magistrate Judge Grand referenced consultative psychologist, Firoza Van Horn, Ph.D, ECF No. 19, PgID 450, 456, 460, and appropriately rejected the observations of Dr. Van Horn cited by Plaintiff in her motion for summary judgment. *See* ECF No. 19, PgID 460-61 n.6 (stating that those observations are "not relevant to Plaintiff's functioning in the domain of health and physical well-being, which refers to the 'cumulative physical effect'" of her impairments).

Finally, the "fundamental question [for this Court] . . . is whether the ALJ's decision is supported by substantial evidence[.]" *Dykes ex re. Brymer v. Barnhart*, 112 F. App'x 463, 467-68 (6th Cir. 2004).  For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Plaintiff challenges in her objections, was supported by substantial evidence and was not based on any legally erroneous determination.  The Court accepts the

Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge David R. Grand **[ECF No. 19, filed March 16, 2020]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[ECF No. 22, filed April 13, 2020]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[ECF No. 16, filed December 31, 2019]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[ECF No. 18, filed March 16, 2020]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: May 15, 2020           United States District Judge